The opinion of the court was delivered by
McEnery, J.
On November 3, 1893, the plaintiff obtained a judgment against the defendant for twenty-five hundred dollars, with eight per cent, interest from the 26th December, 1893. This judgment was recorded 4th November, 1893.
The American National Bank obtained judgment against the defendant October 27, 1893, for the sum of three thousand dollars, with eight per cent, interest from 25th September, 1893. This judgment was recorded 31st October, 1893.
The last judgment'has priority over the first, and ranks it as a judicial mortgage.
Both of these judgment creditors, about the same time and in the same court, instituted suits to have restored to its possession certain property which had been transferred by the defendant, Leibrook. Both obtained judgments as prayed for.
On the 23d January, 1895, the judgment creditors, J. & M. Schwabacher,' issued an execution on their judgment, seized and sold the property recovered from the defendant in the revocatory action. The net proceeds were two thousand one hundred and ninety-three dollars and fifty-two cents.
J. & M. Schwabaeher obtained a rule to cancel certain mortgages on the property, among the number that of the bank.
The defendant, Leibrook, had executed a special mortgage for one thousand five hundred dollars on the property in favor of one Larkin. In the bank’s suit to set aside the fraudulent conveyances, in which the mortgage note was assumed by the vendee, this special mortgage was attacked. The special mortgage and the note were declared null and void. It was in the hands of a third party, and J. & M. Schwabaeher purchased the same for two hundred and twenty - five dollars. They had full knowledge of the bank’s suit. The note was overdue.
The questions presented are, which judgment creditor is to be paid *823 in preference out of the proceeds of the sale of the property returned to the debtor, and whether J. & M. Sehwabaeher are entitled to be paid the full face value of the note.
If the contention were among the ordinary creditors seeking the return of property to the common debtor, the rule applied in Bank vs. Cotton Press Company et al., 39 An. 834, would have full force and effect. All creditors have a right to intervene in the first revocatory action, and in separate suits to pursue the same debtor, and to share ratably in the proceeds of the property, provided they assert their rights with apparent and reasonable diligence.
When the property is returned to the debtor it is as though he had never parted with it, and all who have liens or mortgages on it still retain them.
Article 1977, O. G., says “the judgment in this action, if maintained, shall be that the contract be avoided as to its effects on the complaining creditors, and that all the property or money taken from the original debtor’s estate, by virtue thereof, or the value of such property to the amount of the debt, be applied to the payment of the plaintiff.” It is evident, where there are several plaintiffs, the payment must be made according to the rank of their claims.
The action of the plaintiffs against the defendants who held the property was en simulation. The defendants never had any title to the property. The vendor had never parted with the property. It was still his, and the simulated vendee held it only for the vendor. Judgments obtained against the vendor necessarily cover the property in the hands of the simulated vendee, and the first in recordation has a preference, unless the simulated and fraudulent vendee has encumbered it.
During the pendency of the suits against the vendees of Leibrook they retroceeded the property to him. It is alleged as the reason therefor the pendency of said suits and the consideration of the transfers was the payment to them of the amount they had paid to Leibrook, and placing them in the position they were before the sale. When the property had been returned to Leibrook, J. & M. Sehwabaeher made their seizure. It is evident the judicial mortgages against Leibrook affected the property in the order in which they were registered or recorded.
Whatever value the note had in the hands of a third innocent holder, the firm of J. & M. Sehwabaeher, who obtained it with full *824 knowledge of its nullity, can not assert the privilege of an innocent holder who was with them pursuing a common debtor to have his-property restored to him, and a mortgage affecting the same, and the note, accompanying it, • declared a nullity. With equal propriety he might have purchased the property sought to be restored to the-debtor’s estaté.
Judgment affirmed.